FREDERICK A. FINK, District Attorney Washington County
Your predecessor requested an opinion concerning the construction of sec. 947.15 (1) (a), Stats., which deals with contributing to the delinquency of a minor. Specifically, he asked whether a person could be charged with contributing to the *Page 19 
delinquency of a minor on the basis of an allegation that the person either harbored a runaway or truant child, aided in the running away, or in some way encouraged the truancy or running away, in light of changes in sec. 48.12, Stats., removing truancy and uncontrollability from the definition of delinquent.
In responding to this question, I shall assume that the conduct alleged is intentional.
In my opinion, a person could not be charged with contributing to the delinquency of a minor on the basis of such an allegation.
Section 947.15, Stats., reads:
 "Contributing to the delinquency of children; neglect; neglect contributing to death. (1) The following persons may be fined not more than $500 or imprisoned not more than one year in county jail or both, and if death is a consequence may be fined $1,000 or imprisoned not more than 5 years:
 "(a) Any person 18 or older who intentionally encourages or contributes to the delinquency or neglect of any child; or
 "(b) Any parent, guardian or legal custodian who by neglect or disregard of the morals, health or welfare of his child contributes to the delinquency of that child.
 "(2) An act or failure to act contributes to the delinquency or neglect of a child, although the child does not actually become neglected or delinquent, if the natural and probable consequences of that act or failure to act would be to cause the child to become delinquent or neglected."
The definition of delinquent is contained in sec. 48.12, Stats.:
"JURISDICTION OF COURT OVER CHILDREN
 "Jurisdiction over children alleged to be delinquent or in need of supervision. The juvenile court has exclusive jurisdiction, except as provided in ss. 48.17 and 48.18 over any child:
 "(1) Who is alleged to be delinquent because he has violated any federal criminal law, criminal law of any state, or any county, town or municipal ordinance that conforms in substance to the criminal law; or
 "(2) Who is alleged to be in need of supervision because: *Page 20 
"(a) He is habitually truant from school or home; or
 "(b) He is uncontrolled by parent, guardian or legal custodian; or
 "(c) He habitually so deports himself as to injure or endanger the morals or health of himself or others." (Emphasis supplied.)
Before the passage or ch. 125, sec. 316, Laws of 1971, there was no subsec. (2) under 48.12. The law before 1971 read:
 "Jurisdiction over children alleged to be delinquent. The juvenile court has exclusive jurisdiction except as provided in ss. 48.17 and 48.18 over any child who is alleged to be delinquent because:
 "(1) He has violated any state law or any county, town, or municipal ordinance; or
"(2) He is habitually truant from school or home; or
 "(3) He is uncontrolled by his parent, guardian or legal custodian by reason of being wayward or habitually disobedient; or
 "(4) He habitually so deports himself as to injure or endanger the morals or health or himself or others."
The effect of the 1971 amendment was to remove truancy and uncontrollability from the definition of delinquency. Truancy and uncontrollability are therefore now relevant only to the question of whether a minor is considered "in need of supervision."
The Wisconsin Supreme Court has held that secs. 947.15 (1)(a) and 48.12, both concerning the delinquency of a child, being inpari materia, must be construed together. Jung v. State,55 Wis.2d 714, 720, 201 N.W.2d 58 (1972). At this time, the criterion for delinquency under sec. 48.12 is whether the child has violated a criminal law or a parallel ordinance. Thus, only if an adult encourages or contributes to the child's violation of such a criminal law or ordinance may that adult be charged under sec. 947.15 as contributing to the delinquency of a minor. Since truancy and uncontrollability are no longer considered indications of delinquency, contributing to a child's truancy or uncontrollability would not amount to contributing to the delinquency of a minor. *Page 21 
Another effect of the 1971 amendment or sec. 48.12 was to remove from the definition of delinquency the habitual deportment now described in sec. 48.12 (2)(c). An allegation of intentionally encouraging or contributing to such deportment is not involved in your question, but if it were, such an allegation would not constitute a proper charge, because such deportment is no longer an element of delinquency.
BCL:JHM